UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HUBERT HERNANDEZ,

             Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

             Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
17-CV-3652 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge:

      Pursuant to 42 U.S.C. § 405(g), Hubert Hernandez ("plaintiff") appeals the final decision of the Commissioner of Social Security ("defendant"), which found that plaintiff was not eligible for disability insurance benefits under Title II of the Social Security Act (the "Act"), on the basis that plaintiff is not disabled within the meaning of the Act. Plaintiff alleges that he is disabled under the Act and is thus entitled to receive the aforementioned benefits.

      Presently before the court are defendant's motion for judgment on the pleadings and plaintiff's letter to the court requesting that the defendant's motion be denied as the decision was based on partial information. The Court construes this letter as a cross-motion for judgment on the pleadings. Because the Court finds that the ALJ erred in not providing a function by function analysis in formulating plaintiff's RFC, the Court cannot provide a meaningful review of the decision. Therefore, Defendant's motion is DENIED, Plaintiff's motion is GRANTED, and the case is remanded for further proceedings consistent with this Order.

I.     BACKGROUND

A.  Procedural History

On February 22, 2014, plaintiff Hubert Hernandez filed an application for disability insurance benefits alleging that he was disabled due to back and spine impairments, fractured vertebrae, asthma, obesity, sleep apnea, poor memory and injured knees. (ECF No. 1, Complaint ("Compl."), at 1; ECF No. 18, Administrative Transcript ("Tr."), at 149-150, 174.) The alleged onset of his disability was September 1, 2008.  (*Id*.)

On April 17, 2014, the SSA denied plaintiff's application for social security disability insurance benefits on the basis that he was not disabled.  (Tr. 80-82.) On May 9, 2014, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 84-85.) On May 5, 2016, Plaintiff appeared and testified before ALJ Jacqueline Haber Lamkay.  (Tr. 37-73.) At the time of the hearing plaintiff was represented by a non-attorney representative.  (*Id*.) By a decision dated February 18, 2016, the ALJ determined that plaintiff was not disabled within the meaning of the Act and was thereby not entitled to benefits. (Tr. 10-31.)

On February 29, 2016, Plaintiff appealed the ALJ's decision to the Appeals Council.  (Tr. 33-36.) On April 28, 2017 the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  (Tr. 1-5.) On June 16, 2017, plaintiff filed the instant action in federal court. (*See generally* Compl.)

## DISCUSSION

B.  Relevant Medical Evidence

While plaintiff treated with a number of providers, including orthopedists, and underwent a spinal fusion surgery at Beth Israel Hospital, there is very little opinion evidence in the file. The case was not reviewed by a medical expert at the initial level and was evaluated by a single

decision maker only. (Tr. 74-78.) There is no indication in the file that plaintiff was requested to attend a consultative examination of any kind. (See transcript generally.)

The only opinion evidence in the file is that of internist Stephen Becker, MD. (Tr. 571-576.) Dr. Becker found that plaintiff could lift and carry up to 10 pounds. (Tr. 571.) Dr. Becker noted in his Medical Source Statement that plaintiff was "status post-fusion, multiple thoracic disc bulges and herniations, 3 levels, T2-3, T7-8, and T9-10; lumbar radiculopathy; multiple disc bulges – multi level, stenosis, and thoracic radiculopathy secondary to multi-level disc herniations. (*Id.*) Dr. Becker opined that plaintiff could sit for 30 minutes at a time, stand for 45 minutes at a time and walk for 15 minutes at a time. (Tr. 572.) He found that plaintiff could sit for a total of four hours in an eight-hour day and stand and walk for a total of three hours in an eight-hour day. (*Id.*) Dr. Becker found that plaintiff could only occasionally reach overhead or push and pull. (Tr. 573.) Dr. Becker opined that plaintiff could frequently use a foot control with his right foot. (*Id.*)

### C. Standard of Review

In reviewing the final determination of the Commissioner, a court does not determine *de novo* whether the claimant is disabled. *See Schaal v. Apfel,* 134 F.3d 496, 501 (2d Cir.1998). Rather, the court "may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." *Shaw v. Chater,* 221 F.3d 126, 131 (2d Cir.2000) (quoting 42 U.S.C. § 405(g)). "'[S]ubstantial evidence' is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126, (1938)). Where the Commissioner makes a legal

error, a "court cannot fulfill its statutory and constitutional duty to review the decision of the administrative agency by simply deferring to the factual findings of the ALJ." *Townley v. Heckler,* 748 F.2d 109, 112 (2d Cir.1984) (citation omitted). An ALJ's failure to apply the correct legal standards is grounds for reversal. *See Townley,* 748 F.2d at 112 (citation omitted).

## II. The ALJ's Disability Determination

Using the five-step sequential process to determine whether a claimant is disabled as mandated by 20 C.F.R. § 416.971, the ALJ determined at step one that plaintiff had not engaged in substantial gainful activity from his alleged onset date of September 1, 2008 through his date last insured of September 30, 2013. (Tr. 15.)

At step two, the ALJ found that plaintiff suffered from the severe impairments of degenerative disc diseases of the cervical, thoracic and lumbosacral spine, status post spine surgery, sleep apnea and obesity. (Tr. 15.) The ALJ also found that plaintiff suffered from the non-severe impairments of hypertension, asthma, lung nodule, and diabetes mellitus. (Tr. 15-17.)

At step three, the ALJ determined that through the date last insured, plaintiff did not have an impairment or combination that meets or medically equals one of the listed impairments in Appendix 1 of the regulations, 20 C.F.R. § 404.1520, Appendix 1 (20 C.F.R. §§ 416.920(d) and 416.926), although the ALJ considered Listings 1.00 and 3.00 (Tr. 17.) The ALJ found that through the date last insured, plaintiff would be capable of performing "sedentary work" as defined by 20 C.F.R. § 404.1567(a), except that plaintiff can never climb ladders, ropes or scaffolds; could occasionally climb ramps or stairs, balance, stoop, kneel, crouch and crawl; must avoid concentrated exposure to extreme cold, extreme heat, wetness, humidity, respirator irritants such as fumes, odors and gases, poorly ventilated areas, and chemicals; could frequently reach overhead with the upper extremities; must be afforded the opportunity for a brief one to

two minute change of position every half hour; could have lift/carry up to ten pounds occasionally; and sitfor six hours in an eight hour workday and stand/walk for two hours in an eight hour workday. (Tr. 17.)

At step four, the ALJ concluded that plaintiff was able to perform his past relevant work as a computer programmer/analyst. (Tr. 24.) Thus, the ALJ concluded that plaintiff was not disabled within the meaning of the Act, as defined in 20 C.F.R. § 416.920(g). (Tr. 25.)

### III. Analysis

In formulating her RFC, the ALJ violated the Treating Physician Rule and Failed to Give any proper explanation as to her reasons for giving only "some weight" to the opinion of Dr. Becker. In giving "some weight" to the opinions of Dr. Becker, the ALJ gave the cursory statement that "the claimant is not as limited as opined, according to the evidence. Additionally, Dr. Becker is not a specialist." In doing so, we find that the ALJ violated the treating physician rule. Under the treating physician rule, an ALJ is bound to give "controlling weight" to "a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s)" where that opinion is "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *accord Halloran v. Barnhart,* 362 F.3d 28, 32 (2d Cir. 2004); *Shaw,* 221 F.3d at 134. At the time of the ALJ's decision, a "treating source" was defined as a claimant's "physician, psychologist or other acceptable medical source" who provides, or has provided, the claimant "with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship" with the claimant. 20 C.F.R. §§ 404.1502, 416.902 (2016). When controlling weight is not given to a treating physician's opinion, the ALJ must give "good reasons" for whatever weight he assigns. *Halloran,*

5

362 F.3d at 32. In doing so, he is bound to consider the following factors: (I) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the evidence that supports the treating physician's opinion; (4) how consistent the treating physician's opinion is with the record as a whole; (5) the specialization of the physician in contrast to the condition being treated; and (6) any other factors which may be significant. *See* 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6); *see also Halloran,* 362 F.3d at 32; *Shaw,* 221 F.3d at 134. Where the ALJ does not appear to have taken into consideration these factors, the Court cannot find that the ALJ has given good reasons. *See, e.g., Sanchez v. Colvin,* No. 13-CV-929 (MKB), 2014 WL 4065091, at *12 (E.D.N.Y. Aug. 14, 2014). In such circumstances, remand is appropriate. *See Burgess v. As/rue,* 537 F.3d 117, 129 (2d Cir. 2008) ("Failure to provide such good reasons for [declining to credit] the opinion of a claimant's treating physician is a ground for remand."); *Halloran,* 362 F.3d at 33 ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ[s] that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion.").

In this instance the sole reason articulated by the ALJ for giving Dr. Becker's opinion only "some weight" is the fact that he is not a specialist. This alone is insufficient. An ALJ is required to consider all of the factors enumerated above and the fact that Dr. Becker's specialty is internal medicine is only one of the factors to be considered.

The ALJ's other "reasons" are vague and lacking in specificity, precluding appropriate review. Because the ALJ did not explain her additional finding that "the claimant is not as

6

limited as opined" or to cite any specific inconsistency in the record, the Court cannot properly consider her reasons for giving Dr. Becker's opinion limited weight.

Federal regulations explicitly authorize a court, when reviewing decisions of the SSA, to order further proceedings when appropriate. "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is warranted where "there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa*, 168 F.3d at 82–83 (quoting *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996) (internal quotation marks omitted). Remand is particularly appropriate where further findings or explanation will clarify the rationale for the ALJ's decision. *Pratts*, 94 F.3d at 39. However, if the record before the Court provides "persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose," the court may reverse and remand solely for the calculation and payment of benefits. *See, e.g.*, *Parker v. Harris,* 626 F.2d 225, 235 (2d Cir. 1980); *Kane v. Astrue*, 942 F. Supp. 2d 301, 314 (E.D.N.Y. 2013).

The Court finds that remand is appropriate in this circumstance. "Remand is particularly appropriate where, as here, we are "unable to fathom the ALJ's rationale in relation to the evidence in the record" without "further findings or clearer explanation for the decision." *Berry,* 675 F.2d at 469. Because the ALJ's denial of benefits was not supported by substantial evidence and was based upon legal error, this matter is remanded to the Commissioner for further proceedings consistent with this opinion.[1]

---

[1] The court notes again that there is little opinion evidence in the file. While this is not error *per se*, on remand it may be appropriate for plaintiff to be scheduled for a consultative examination.

## CONCLUSION

For the reasons stated herein, this matter is remanded to the Commissioner for further proceedings.  The Clerk of Court is respectfully directed to enter judgment accordingly; mail a copy of this Order and the judgment to Hernandez at the address listed on the docket; note the mailing on the docket; and  close the case.

SO ORDERED.

Dated: Brooklyn, New York
       September 30, 2019

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge